UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RON FOX,

        Plaintiff,

                                              CASE NO. 14-11560

v.                                  HONORABLE GERALD E. ROSEN

BAY CITY, BAY COUNTY,
BAY COUNTY JAIL,
ROBERT LOGGENSLAUGHTER,
ELIZABETH LOGGENSLAUGHTER,
RICHARD ROBERTS, ROBERT REILING,
ERIC BERG, JEFFERY DOUD,
GERALD MORIN, BOB PANZER,
SYLVIA LINTON, JENNIFER CASS BARNES,
JUDGE ALSTON, PUBLISHERS OF THE SEX
OFFENDER PAGE, CHARLOTTE A. MARSHALL,
ELIZABETH DUCOLON, SHERRI A. WATERMAN,
DONALD ALDRICH, JASON RICHNAK,
BRADLEY PETER, PAT McIVER,
BRIAN SCHROER, BAY CITY CIRCUIT COURT
 PROBATION OFFICE, PERSON WHO WROTE
FALSE PROBATION REPORT, and ED CZUPRUNSKI,

                Defendants.

_____/

## <u>ORDER OF DISMISSAL</u>

      Plaintiff Ron Fox has filed a complaint and three amended complaints for

declaratory, injunctive, and monetary relief under 42 U.S.C. § 1983.  Also pending before

the Court are Plaintiff's motion for an extension of time to file an appeal and his two

motions for reconsideration of another judge's order dismissing the State of Michigan

from this action. The complaints appear to challenge two state-court convictions, one in April of 2004 and one in May of 2005. The defendants are Bay City, Michigan, Bay County, Michigan, Bay County Jail, Bay City Circuit Court Probation Office, and several individuals. Because Plaintiff raised the same claims against the same defendants in a prior case that was dismissed on the merits, his complaints will be dismissed.

## I.  Background

Plaintiff commenced this action in the Western District of Michigan on March 11, 2014, while he was incarcerated at Taylor Correctional Institution in Perry, Florida.[1] He filed a second complaint shortly afterward. *See* Dkt. #2 (docketed as a supplement to the complaint). The complaints challenge a state conviction for attempted criminal sexual conduct and a second conviction, which apparently arose from a charge that Plaintiff fled and eluded a police officer after committing a traffic violation. Plaintiff pleaded guilty in both cases, but he maintains in his civil rights complaints that he was innocent and that his guilty pleas were coerced or made under duress. The complaints make many other allegations, including claims that Plaintiff was denied access to the Internet and a word processor while he was confined in jail. Although the complaints are difficult to follow, the theme running throughout them is that the defendants were "out to get" Plaintiff and that they conspired to violate his civil rights.

---

[1] Since then, Plaintiff apparently has been released from custody. *See* the Notices of Change of Address, Dkt. #16 and #17 (providing what appears to be a private home address).

On April 18, 2014, United States District Judge Gordon J. Quist dismissed the State of Michigan as a defendant and transferred Plaintiff's case to this District because the defendants reside in this District and the events giving rise to the complaints occurred in this District.[2]  Plaintiff then filed a motion for an extension of time to appeal Judge Quist's order and two identical motions for reconsideration of Judge Quist's order.  The motions for reconsideration allege that the State of Michigan is a proper party to this lawsuit because lawyers, judges, and other employees are insured through the State of Michigan.  On June 17, 2014, and on July 7, 2014, Plaintiff filed two more amended complaints.  All four complaints are fundamentally the same.

## II.  Legal Standard

The Court is required to dismiss a prisoner's complaint or any portion of the complaint if the allegations are frivolous or malicious, fail to state a claim on which relief may be granted, or seek money damages from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  And "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2)

---

[2]  The case was randomly assigned to United States District Judge Arthur J. Tarnow and then reassigned to this Court as a companion case to *Fox v. Bay City, et al.*, No. 05-73510 (E.D. Mich. 2005).

caused by a person acting under the color of state law." *Sigley v. Parma Heights*, 437

F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988), and *Searcy v.*

*Dayton*, 38 F.3d 282, 286 (6th Cir. 1994)).

While a complaint need not contain "detailed factual allegations," the "[f]actual

allegations must be enough to raise a right to relief above the speculative level on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations

omitted). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III.  Analysis

The controlling law in this case is the doctrine of *res judicata*, which encompasses

claim preclusion and issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

> Under the doctrine of claim preclusion, a final judgment forecloses
> "successive litigation of the very same claim, whether or not relitigation of
> the claim raises the same issues as the earlier suit." *New Hampshire v.*
> *Maine*, 532 U.S. 742, 748, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001).  Issue
> preclusion, in contrast, bars "successive litigation of an issue of fact or law
> actually litigated and resolved in a valid court determination essential to the
> prior judgment," even if the issue recurs in the context of a different claim.
> *Id*., at 748-749, 121 S. Ct. 1808.  By "preclud[ing] parties from contesting

4

matters that they have had a full and fair opportunity to litigate," these two
doctrines protect against "the expense and vexation attending multiple
lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial
action by minimizing the possibility of inconsistent decisions."  *Montana v.
United States*, 440 U.S. 147, 153-154, 99 S. Ct. 970, 59 L. Ed. 2d 210
(1979).

*Id*. (alterations in original).

### A.  Claim Preclusion

A review of federal court records in this District reveals that Plaintiff filed a

similar lawsuit against the same defendants in 2005.  *See Fox v. Bay City, et al.*, No. 05-

73510 (E.D. Mich. 2005).  This Court adopted the Magistrate Judge's Reports and

Recommendations in the 2005 case, and on August 30, 2007, dismissed the case in its

entirety.   The Court dismissed all the claims except the one against Bob Panzer on the

merits and with prejudice.  The  Court dismissed the claim against Bob Panzer without

prejudice because Plaintiff did not provide the Court with a current address for Mr.

Panzer and he did not respond to the Court's order to show cause why Panzer should not

be dismissed.

Plaintiff attempted to file amended complaints in the 2005 case after the Court

entered a judgment in the case.  The Court struck the amended complaints from the

record, and, in an order dated December 16, 2011, the Court cautioned Plaintiff that any

new action must be based on allegations not previously litigated.  The Court also warned

Plaintiff that, if he filed a new action alleging facts and/or claims previously litigated, he

risked dismissal of the new action and the imposition of sanctions.

5

Plaintiff is now attempting to re-litigate the very same claims that he raised in his 2005 case.  Consequently, his complaints are barred by the doctrine of claim preclusion, with the exception of Plaintiff's claim against Bob Panzer.

### B.  Issue Preclusion

For the doctrine of issue preclusion to apply,

"1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding;

2) determination of the issue must have been necessary to the outcome of the prior proceeding;

3) the prior proceeding must have resulted in a final judgment on the merits; and

4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding."

*Bilali v. Gonzales*, 502 F.3d 470, 474 (6th Cir. 2007) (quoting *United States v. Cinemark USA, Inc.*, 348 F.3d 569, 583 (6th Cir. 2003) (quoting *Aircraft Braking Sys. Corp. v. Local 856, Int'l Union, United Auto., Aerospace and Agric. Implement Workers, UAW*, 97 F.3d 155, 161 (6th Cir. 1996)).

These four factors are satisfied here as to all the defendants except Bob Panzer. Plaintiff is raising the same issues that he raised and actually litigated in his prior lawsuit; a determination of the issues was necessary to the outcome of the earlier lawsuit; the prior lawsuit resulted in a final judgment on the merits of all of Plaintiff's claims, except the claim against Bob Panzer; and Plaintiff had a full and fair opportunity to litigate his

6

claims in the earlier case.  Thus, Plaintiff's complaints are barred by the doctrine of issue preclusion as to all the defendants except Bob Panzer.

## IV.  CONCLUSION

Plaintiff's complaints are barred by the doctrine of *res judicata* as to all the defendants except Bob Panzer.  The complaints therefore are frivolous and fail to state a plausible claim for which relief may be granted.  Accordingly,

IT IS ORDERED that the complaints [Dkt. #1, #2, #11, and #13] are summarily DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i - ii) and 1915A(b)(1).  This dismissal is with prejudice as to all the defendants except Bob Panzer, who is dismissed without prejudice because Plaintiff still has not provided the Court with a current address for Mr. Panzer.

IT IS FURTHER ORDERED that Plaintiff's motion for an extension of time to appeal Judge Quist's order dismissing the State of Michigan [Dkt. #6] is DENIED.  Judge Quist's order was an interlocutory ruling, and appellate courts generally have jurisdiction to hear only a district court's final judgment.  *Harrison v. Ash*, 539 F.3d 510, 521 (6th Cir. 2008).

IT IS FURTHER ORDERED that Plaintiff's motions for reconsideration of Judge Quist's order dismissing the State of Michigan (Dkt. #10 and #12] are DENIED. Although the Court is not prohibited from reconsidering another judge's ruling, a pre-transfer ruling should be reconsidered only if the transferee court abused its discretion.

*Gillig v. Advanced Cardioascular Systems, Inc.*, 67 F.3d 586, 589-90 (6th Cir. 1995).

Judge Quist did not abuse his discretion when he dismissed the State of Michigan from

this action, because the Eleventh Amendment bars suits against a state and its

departments unless the State has consented to the filing of the lawsuit, *Alabama v. Pugh*,

438 U.S. 781, 782 (1978) (*per curiam*), and the State of Michigan did not consent to the

filing of Plaintiff's lawsuit.  The State, moreover, is not a "person" under § 1983.  *Will v.*

*Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

      IT IS FURTHER ORDERED that an appeal from this decision would be frivolous

and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*,

369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir.

1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).


                s/Gerald E. Rosen              
                Chief Judge, United States District Court

Dated:  September 16, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or
counsel of record on September 16, 2014, by electronic and/or ordinary mail.

                s/Julie Owens                
                Case Manager, (313) 234-5135

8