UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ronald L. Fox,

        Plaintiff,      Case No. 14-11560

v.                            Judith E. Levy
                               United States District Judge
Bay City, *et al.*,

        Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS [36, 37, 38]**

Pro se Plaintiff Ronald L. Fox commenced this civil action in the United States District Court for the Western District of Michigan on March 11, 2014, and it was transferred to the Eastern District of Michigan on April 18, 2014. (ECF No. 1; ECF No. 18, PageID.185–186.) Plaintiff's complaint challenged "two state-court convictions, one in April of 2004 and one in May of 2005." (ECF No. 18, PageID.185.)

The case was dismissed on September 16, 2014. (ECF No. 18.) Plaintiff's claims against all Defendants except Bob Panzer were dismissed with prejudice because Plaintiff was attempting to relitigate

the exact same claims he raised in a prior dismissed case, *Fox v. Bay City*, No. 05-73510 (E.D. Mich.). (ECF No. 18, PageID.190.) His claim against Bob Panzer was dismissed without prejudice because Plaintiff did not provide the Court with a current address for Panzer. (*Id.*)

On November 25, 2014, Plaintiff submitted a motion to re-open the case. (ECF No. 20.) In that motion, Plaintiff appears to address his 1997 state conviction, not his 2004 or 2005 convictions. (*Id.*) The Court denied this motion because a state conviction and sentence cannot be challenged through a civil rights action brought under 42 U.S.C. § 1983. (ECF No. 21, PageID.203.)

Before the Court are three motions filed by Plaintiff. In Plaintiff's January 17, 2025 motion, Plaintiff, referring to himself as "Defendant," requests "that this Court dismiss Count II. ATTEMPTED CRIMINAL SEXUAL CONDUCT -4TH DEGREE" because of "lack of subject matter jurisdiction pursuant to Rule 12(b)(1) or, in the alternative, for failure to state a claim pursuant to Rule 12(b)(6)." (ECF No. 36, PageID.236.) In his January 24, 2025 motion, Plaintiff requests that the Court "set aside this Default Judgment alleging that in personam [jurisdiction] over the Plaintiff was lacking because the Defendant failed to effect personal

2

service of the Summons and Compla[i]nt," and attaches a copy of the information related to his 1997 conviction. (ECF No. 37, PageID.239–240.) Finally, in his January 27, 2025 motion, he again requests the Court "to set aside default judgment" due to lack of subject matter and/or personal jurisdiction. (ECF No. 38, PageID.241.)

In these motions, Plaintiff appears to challenge the validity of his 1997 state criminal conviction for 4th Degree Attempted Criminal Sexual Conduct. (ECF No. 36, PageID.237 (copy of judgment in *People v. Fox*, Case No. 9512215 (Mich. Dist. Ct. 50th Jud. Dist.)).)

As an initial matter, Plaintiff's motions that a default judgment be set aside (ECF Nos. 37, 38) must be denied because a default judgment was not entered in this case. This civil action was closed on September 16, 2014 pursuant to screening under 28 U.S.C. §§ 1915(e) and 1915A, not because a default judgment was entered. (ECF No. 18.)[1]

To the extent Plaintiff's motions challenge his 1997 state criminal conviction, his motions are denied. As set forth in the Court's previous opinion denying Plaintiff's challenge to his 1997 state conviction:

---

[1] Default judgment was also not entered in his 1997 state criminal case. According to Plaintiff's filings, judgment was entered in his 1997 state criminal because he pled guilty on July 25, 1997. (ECF No. 36, PageID.237.)

3

> Fox's claims essentially challenge the validity of his state conviction and sentence. Such relief is not available in a § 1983 civil rights action. *Preiser v. Rodriguez,* 411 U.S. 475, 494, 498-99, 93 S.Ct. 1827, 1838, 1840-41(1973); *Moralez v. Thiede,* 828 F. Supp. 492, 494 (E.D. Mich. 1993). Claims constituting such a challenge should be raised in a federal habeas corpus action after exhausting state appellate remedies. "Any constitutional violations should be vindicated in the state court in the first instance and, failing vindication there, by the federal court upon habeas review. . . ." *Foster v. Kassulke,* 898 F.2d 1144, 1148 (6th Cir.1990). Thus, after exhausting his state court appellate remedies, Fox should raise his claims concerning the alleged invalidity of one or more terms of his sentence and his claim of ineffective assistance of counsel in a petition for a writ of habeas corpus, not in this closed Section 1983 action. *See Hadley v. Werner,* 753 F.2d 514, 516 (6th Cir. 1985); *Feaster v. Miksch,* 846 F.2d 21, 22-24 (6th Cir.), *cert. denied,* 488 U.S. 857 (1986).

(ECF No. 21, PageID.203 (footnotes omitted).) Because Plaintiff challenges the same state conviction, his motions are denied for the same reasons.

For the reasons set forth above, the Court DENIES Plaintiff's motions. (ECF Nos. 36, 37, 38.) This case remains closed.

IT IS SO ORDERED.

Dated: January 30, 2025  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

4

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 30, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
